**UNITED STATES of America**

v.

**Giancarlo ORNELLI.**

**Crim. No. 11800.**

United States District Court
D. Connecticut.

Feb. 9, 1967.

John Cassidento, Asst. U. S. Atty., New Haven, Conn., for the United States.

A. Reynolds Gordon, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

Defendant Ornelli, having waived a jury, was tried to the Court upon a six count indictment charging him with causing, with fraudulent intent, transportation in interstate commerce of six altered Travelers Express money orders, knowing those money orders to have been altered, in violation of 18 U.S.C. § 2314, ¶ 2.

The Court having granted motions by the government at the close of its case to dismiss Counts Four and Six, and defendant having presented no evidence, the following findings of fact and conclusions of law are made with respect to Counts One, Two, Three and Five.

## FINDINGS OF FACT

After a three day trial, the Court finds that the evidence establishes the following.

During the short span of time between mid-March and early April of 1966, by some undisclosed means, Ornelli came into possession of four Travelers Express money orders.[1]  All four had been issued in blank by Travelers Express Company, Inc.  Each had been sold for $10 by a single agent of that company in Stamford, Connecticut.  The $10 figure representing the amount of the money order was imprinted on each by that agent's checkwriting machine.

The first [2] of the money orders had one William Collins as the named sender, and one David Myers as the named payee. Collins, who had lost a wallet containing his identity papers in Norwalk during this period in 1966, had not purchased the money order, and did not know Myers.

The second money order [3] had one Antony Tenore, of 2 Silk St., Stamford, as the named sender, and Ornelli as the named payee.  Ornelli knew a family named Signore at 2 Silk St., South Norwalk, but no Antony Tenore lived there.

These two money orders were cashed by Ornelli at the Westport National Bank.  The $10 figures had been altered on each to $70.  Upon Ornelli's endorsing the money orders in the presence of a teller, he received $70 in cash for each.  The money orders, after being endorsed by the Westport National Bank, passed through the channels of

---

1. Govt. Exs. 1, 2, 3 and 5; these are the securities described in Counts One, Two, Three and Five, respectively.

2. Govt. Ex. 1; described in Count One.

3. Govt. Ex. 2; described in Count Two.

various out-of-state financial institutions. Eventually they were stamped "REFUSED" by Travelers Express as a result of the unauthorized alterations.

The third money order [4] had one Paul Gester of Los Angeles as the named sender, and Ornelli as the named payee.

The fourth money order [5] had Antony Tenore, of 2 Silk St., Norwalk, as the named sender, and Ornelli as the named payee.

These last two money orders were cashed by Ornelli at the Westport "Flying A" service station, by permission of one of the proprietors of that establishment. Ornelli had secured that permission by representing that he expected a money order to arrive by mail from California and that it might arrive after bank closing hours. An employee of the station cashed the two money orders for Ornelli. The $10 figures had been altered on each of these money orders to $70. Ornelli received $70 in cash for each. These money orders also passed through banking channels in and out of the state. Eventually they were stamped "REFUSED" by Travelers Express as a result of the unauthorized alterations.

Prior to cashing the latter two money orders at the "Flying A" service station in Westport, Ornelli had frequently visited there. After that transaction, however, Ornelli never returned to the service station.

### CONCLUSIONS OF LAW

Having given full weight and effect to the presumption of innocence, the Court nevertheless finds that, on the facts directly proved at trial and the inferences reasonably to be drawn from such direct proof, the government has sustained its burden of proving beyond a reasonable doubt each essential element of the crimes charged in Counts One, Two, Three and Five.

Specifically, with respect to each count, which charges a separate violation of 18 U.S.C. § 2314, ¶ 2, the government has proved beyond a reasonable doubt that:

(1) The money order in question was an altered security;

(2) Defendant knew the money order to have been altered;

(3) Defendant caused the money order to be transported in interstate commerce;

(4) Defendant acted with fraudulent intent in causing such interstate transportation; and

(5) Defendant acted with specific criminal intent.

The Court accordingly finds defendant guilty upon Counts One, Two, Three and Five of the indictment.

The case will be continued pending a pre-sentence investigation and receipt of a pre-sentence report, at which time counsel and defendant will be notified as to a date for disposition.

Defendant may remain at liberty on his present bond pending disposition.

---

4. Govt. Ex. 3; described in Count Three.

5. Govt. Ex. 5; described in Count Five.